UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Desmond R. Liles,                                    Case No. 1:15-cv-1776

          Petitioner,

    v.                                               MEMORANDUM OPINION
                                                       AND ORDER

Alan Lazaroff,

          Respondent.


## I.  INTRODUCTION

Petitioner Desmond Liles seeks a writ of habeas corpus under to 28 U.S.C. § 2254, related to convictions entered against him following a 2013 jury trial in the Allen County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge William H. Baughman, Jr., reviewed Liles' petition and the arguments of counsel pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 8). Liles has filed timely objections to Magistrate Judge Baughman's Report and Recommendation. (Doc. No. 9). For the reasons stated below, I overrule Liles' objections and adopt Magistrate Judge Baughman's Report and Recommendation.

## II.  BACKGROUND

In January 2013, an Allen County jury convicted Liles of one count each of felonious assault with a firearm specification, discharge of a firearm on or near prohibited premises, and having a weapon while under a disability. Liles offers no objection to Magistrate Judge Baughman's statement of the factual and procedural history of the state court proceedings, and I adopt those sections of the Report and Recommendation in full. (*See* Doc. No. 8 at 1-12).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Liles asserted, as grounds for relief on his petition, that he "was denied the effective assistance of counsel, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution." (Doc. No. 1 at 6). Liles contends his trial attorney was constitutionally ineffective because counsel failed to object to or appropriately challenge testimony offered by Anthony Brown (the victim), Kierra Brown (the victim's sister), and Detective Kent Miller (who

2

assisted with the investigation into the shooting), or to request a limiting instruction regarding that testimony.

In order to establish his ineffective assistance of counsel claim, Liles must show his trial counsel's performance fell "below an objective standard of reasonableness" and that this deficient performance prejudiced him. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688-92)). The prejudice prong of this analysis is a "demanding" test, as "[t]he likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 112 (2011)).

Liles argues trial counsel's performance caused him prejudice, asserting "[h]ad proper objections been made, then all of the evidence against Mr. Liles would be suspect and a trial much more likely resulting in an acquittal." (Doc. No. 7 at 17). The problem Liles faces, and that ultimately he cannot overcome, is the Ohio Third District Court of Appeals already considered and rejected this argument. *State v. Liles*, 2014 WL 296002, at *14 (Ohio App. Ct., Jan. 27, 2014) ("[E]ven assuming that any of the aforementioned testimony was inadmissible, we are not persuaded that Liles suffered prejudice . . . [because] [b]esides the witness testimony, there is evidence that Liles admitted to the shooting himself on three separate occasions."). For instance, Dority testified the same person called her three times, identified himself as Liles and apologized for shooting Brown, while Miller testified his investigation showed the telephone number used to call Dority was owned by Liles' father's business. *See State v. Liles*, 2014 WL 296002, at *6-7.

Liles contends the Magistrate Judge's review of the state court decision was improperly deferential, because the state court only applied state law rather than interpreting it, and because this application was an "obvious subterfuge to evade consideration of a federal issue." (Doc. No. 9 at 4). Neither argument is persuasive.

3

The deference to state-court determinations that AEDPA mandates is not limited to the interpretation of state law, but includes the application of well-settled state law to the facts of a given case. *See, e.g., Brooks v. Anderson*, 292 F. App'x 431, 438 (6th Cir. 2008) (noting trial court had excluded witness testimony as hearsay and stating it was "not the province of this Court to substitute its judgment for that of the state trial court on this state-law evidentiary decision"). Magistrate Judge Baughman correctly noted this limitation on the scope of his review.

Moreover, the state court's consideration of whether or not the testimony from Anthony and Kierra Brown and Detective Miller was admissible was not an "obvious subterfuge," but a required first-step in the ineffective-assistance analysis. *See, e.g., Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) ("Because an objection to inclusion of Mr. Harris' misdemeanor convictions in the calculation of his criminal history score would have been futile, Harris cannot show that his attorney was constitutionally 'ineffective' in failing to make such an objection." (citing *Strickland*, 466 U.S. at 687-96)). The Third District conducted its analysis accordingly, including assuming for the sake of argument that trial counsel's performance was deficient due to the failure to object. *State v. Liles*, 2014 WL 296002, at *14 ("In summary, our confidence in the outcome is not undermined by any possible errors related to trial counsel's failure to object to the aforementioned testimony.").

This is not a case where trial counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," *Moss v. Hofbauer*, 286 F.3d 851, 860(6th Cir. 2002), and trial counsel's purported errors do not establish "a reasonable probability that . . . the result of the proceeding would have been different." *Id.* at 865 (quoting *Strickland*, 466 U.S. at 694). Liles is not entitled to habeas relief because he cannot show the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented. *Storey*, 657 F.3d at 387 ("The standards

created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (quoting *Harrington*, 562 U.S. at 105)).

## V.   CONCLUSION

For the reasons stated above, I overrule Liles' objections to Magistrate Judge Baughman's Report and Recommendation. (Doc. No. 9). Liles' petition for a writ of habeas corpus, (Doc. No. 1), is denied. Further, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge